THE EAST NEW YORK SAVINGS BANK, Respondent, v. ISIDOR HELLER, Appellant, and IDA E. HELLER and Others, Defendants.— In an action to foreclose a mortgage on real estate, appellant appeals from an order granting plaintiff's motion for summary judgment. Order affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.

JESSIE KEMPT GOTTHELF, Respondent, v. BENJAMIN GOTTHELF, Appellant.—. Action for divorce. Order changing the place of trial of this action from the county of Kings to the county of New York, affirmed, with twenty-five dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.

LOUISE HAUSER, Respondent, v. RAILROAD FEDERAL SAVINGS & LOAN ASSOCIATION, Appellant, and CHARLMUR CORPORATION, Defendant.— Action brought to abate a nuisance and to recover money damages resulting therefrom. Order denying appellant Railroad Federal Savings & Loan Association's motion for an order dismissing the alleged second cause of action in the complaint as against it, upon the ground that same fails to state facts sufficient to constitute a cause of action against the appellant, and denying its alternative motion for an order directing the severance of the alleged causes of action and the separate trial and prosecution thereof, including the service upon each of the defendants of a separate complaint herein, affirmed, with ten dollars costs and disbursements, with leave to appellant to answer within ten days from the entry of the order hereon. No opinion. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.

In the Matter of the Judicial Settlement of the Final Account of Proceedings of the County Trust Company, as Executor of ROSE GOLDMAN, Deceased. DAVID GOLDMAN, MELVIN GOLDMAN, SIDNEY GOLDMAN, CARL GOLDMAN and LILLIAN GOLDMAN, Appellants; THE COUNTY TRUST COMPANY, as Executor, etc., of ROSE GOLDMAN, Deceased, Respondent.— Decree of the Surrogate's Court of Westchester County judicially settling the account of the executor and dismissing the objections of the contestants, in so far as appealed from, unanimously affirmed, without costs. Assuming that there was a ready market to sell the business and residence parcels in the 1928 to 1931 period, it appears, impelled by what then seemed to be the best interests of the children and the estate, that the executor acted in good faith in not selling. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.